UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME MARTIN,

    Plaintiff,

Civil Action No. 06-12155

vs.

Honorable Paul D. Borman
Honorable Steven D. Pepe

DETROIT PROSECUTOR'S OFFICE, EDWARD M. THOMAS,
KAREN M. WOODSIDE, EDWARD CURRY, TOM DAVISON,
BARRY SIEGAL and GARY BURTKA,

    Defendants,
_____/

## REPORT AND RECOMMENDATION

Plaintiff's complaint alleges malpractice on the part of the Wayne County Prosecutor's Office and individual prosecutors involved in his criminal prosecution. The defendants removed the case to federal court pursuant to 28 U.S.C. §§1331, 1441 and 1446, due to the fact that it appeared that Plaintiff may have alleged violations of constitutional and federal statutory rights.

The Wayne County Corporation Counsel on behalf of the Defendant Wayne County Prosecutor (the "Prosecutor's Office") and the other defendants in their official capacities filed a dispositive motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), which was referred for report and recommendation under 28 U.S.C. §636(b)(1)(B).[1]  For the reasons stated below, IT IS

---

[1] The defense counsel notes:
Plaintiff names Wayne County Prosecutor Kym Worthy, and Assistant Prosecutors Karen Woodside, Gary Burtka, Edward Curry, Tom Dawson, Barry Siegal, and "all other prosecutors" as named defendants in their individual and official capacities. None of these individuals have been personally served with process, and counsel files this motion on their behalf in their official capacities as an elected official (Prosecutor) and employees of the Wayne County Prosecutor's Office (assistant prosecutors).

RECOMMENDED that Defendant's motion be GRANTED on the federal claims against the Defendants and that this Court exercise supplemental jurisdiction over the meritless state claims and dismiss Plaintiff's complaint for failure to state a claim.

## I. BACKGROUND FACTS

Plaintiff's complaint, while difficult to discern, appears to allege the following facts:

(1.)   The Prosecutor's Office failed to respond to a motion Plaintiff filed in the Wayne County Third Circuit Court in which he requested documents related to his appeal of criminal cases against him. No case identifying information for this Third Circuit cases was provided.

(2.)   A Freedom of Information Act (FOIA) request filed by Plaintiff's "investigative friend" and apparently related to these same records, was denied in October 2004.

(3.)   Plaintiff received no response to letters sent to the police agencies and courts involved in his criminal cases asking for these records.

(4.)   Criminal Case No. 02-12343 (assumed by the undersigned to be a Wayne County case) was dismissed without prejudice when the prosecution's witness did not appear. Later, the Prosecutor's Office recharged Plaintiff, apparently on the same facts, with assault with intent to do great bodily harm less than murder in Case No. 02-5121, a greater offense than had been charged in Case No. 02-12343. Plaintiff appears to allege that evidence from Case No. 02-12343 would have shown that the greater charge in the subsequent case was unsupported, but the Prosecutor's Office did not present this evidence and this forced him to plea to the charges in the later case.

(5.)   The Prosecutor's Office breached a duty owed to Plaintiff

> a. not to handle matters which it was not competent to handle,
> b. not to handle a matter without proper facts and evidence, and without first conducting an investigation,
> c. not to neglect his legal matter,
> d. to provide zealous representation and
> e. not to subject Plaintiff to false arrest and accusations.

(6.) Plaintiff was "tricked" into signing a plea offer because a "clerk" checked spaces on a form after Plaintiff provided his signature. This resulted in his being found guilty of charges that were greater than those to which he had agreed to plea.

(7.) Plaintiff alleges that the Prosecutor's Office did not offer him the chance to plead to lesser included offenses and implies that the prosecutors were able to get him to plead to the charges issued due to (a.) the prosecutors stacking illegal offenses against him, (b.) prosecutor trickery and (c.) prosecutors' knowledge the Plaintiff's counsel was ineffective.

(8.) The sentencing judge improperly accepted Plaintiff's "non-contendence plea" without first finding him not guilty.

Plaintiff did not file a response to the Prosecutor's Office's current motion. Therefore, the Prosecutor's Office's uncontested version of the facts indicates that Plaintiff accepted a plea agreement in Case No. 02-12343/01-5121 and pled no contest with regard to Case No. 02-12345, which resulted in convictions for assault with intent to do great bodily harm less than murder and home invasion respectively.

## II. STANDARD OF REVIEW

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure; Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d

635, 638 (6th Cir.1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

## III. FACTUAL ANALYSIS

### A. *HECK* ANALYSIS

It appears, construing the complaint liberally, that Plaintiff has pled facts in an attempt to support a §1983 claim for violations of his federal constitutional rights in connection with his state convictions.

In *Preiser v. Rodriguez,* the United States Supreme Court held that suits challenging the fact or duration of a state prisoner's confinement or seeking immediate or speedier release must be brought under the habeas corpus statute and not §1983. 411 U.S. 475, 489-90 (1973). In *Heck v.*

*Humphrey,* the Court concluded that a state prisoner seeking monetary relief rather than immediate or speedier release may raise a cognizable claim under §1983 depending on whether his or her claim necessarily challenges the lawfulness of the conviction itself and whether the conviction has been invalidated. 512 U.S. 477, 484-87 (1994). Plaintiff's complaint appears to allege both the invalidity of his confinement and monetary damages.

*Heck* precludes Plaintiff's §1983 claims because, if Plaintiff were to succeed on the merits (i.e., prove that he was falsely imprisoned and/or illegally prosecuted and tricked into is pleas), the judgment would necessarily imply the invalidity of his sentence. *Shamaeizadeh v. Cunigan,* 182 F.3d 391, at 396 n. 2 (6th Cir.1999)("Proof of illegality of the conviction is a necessary element of a § 1983 cause of action . . . when . . . the §1983 plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment."). Therefore, this Court may not consider Plaintiff's federal claims unless and until his sentence or conviction is overturned. *See Heck*, 512 U.S. at 486-87. And, because the complaint does not indicate that Plaintiff's convictions have been invalidated, Plaintiff's federal claims should be dismissed for failure to state a claim upon which relief can be granted.

### B.   PROSECUTORIAL IMMUNITY FROM §1983 CLAIMS

Although all of Plaintiff's federal claims will be dismissed if the above recommendation is followed, it is worth noting that claims against the prosecutor defendants are also barred due to immunity.

Prosecutors enjoy absolute immunity from §1983 liability for acts "undertaken in preparation for the initiation of judicial proceedings or a trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Imbler v.*

*Pachtman*, 424 U.S. 409 (1976). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir.1998). Yet, a prosecutor is only entitled to qualified immunity for "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley*, 509 U.S. at 273 (citing *Burns v. Reed*, 500 U.S. 478, 494-96(1991)); *see also Lomaz*, 151 F.3d at 498. The critical inquiry is "how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003).

In this case, Plaintiff's negligent prosecution allegations, even when construed liberally as malicious prosecution allegations, involve conduct associated with the defendant prosecutors' advocacy role and therefore they maintain absolute immunity from any §1983 malicious prosecution claim. *See e.g. Imbler*, 424 U.S. at 431 (holding that a prosecutor is cloaked with absolute immunity "in initiating a prosecution and in presenting the State's case"); *Spurlock v. Thompson*, 330 F.3d at 797 (explaining that "even the knowing presentation of false testimony at trial is protected by absolute immunity"); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) (concluding that the "use of perjured testimony and the non-disclosure of exculpatory information are certainly entitled to absolute immunity"); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989) (explaining that the decision to prosecute is afforded absolute immunity). In other words, the defendant prosecutors are absolutely immune from liability on Plaintiff's §1983 malicious prosecution claim regardless of whether their charging decisions were malicious, whether they knowingly presented false evidence, and whether they withheld exculpatory evidence. Accordingly, the defendant prosecutors would be entitled to dismissal of the claims against them even if Plaintiff were to provide evidence that his

convictions had been overturned.

### C. STATE LAW CLAIMS

Here Plaintiff's state law claims are clearly "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, this court can exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(a). When a federal district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over pendant state claims. 28 U.S.C. §1367(c)(3). Yet, when the related state claims are clearly without merit, judicial efficiency warrants retention of supplemental jurisdiction and dismissal of those items for failure to state a claim.[2]

---

[2] "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996). There are, however, unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point to federal court decision of the state-law claims on the merits. One such circumstance in which judicial economy, convenience, fairness and comity may point to federal retention of state-law claims occurs when it is absolutely clear how the pendent claims can be decided. Such is true, as here, when the state-law claims are patently frivolous. *See Bowman v. City of Franklin,* 980 F.2d 1104, 1109 (7th Cir.1992); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 578 (7th Cir.1989).

> There are, of course, various shades of frivolousness. If the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction. The outer bounds *1252 of the "frivolous state-law claim" type of case were defined in *Brazinski v. Amoco Petroleum Additives Co., supra,* 6 F.3d at 1182. There we held that retention of a state-law claim is appropriate when the correct disposition of the claim is "so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law." *Compare with Wentzka v. Gellman,* 991 F.2d 423, 425 (7th Cir.1993) (retention of jurisdiction over case held improper where state law was unsettled).

*Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 -1252 (7th Cir. 1994).

It is recommended that this Court exercise supplemental jurisdiction over the remaining state law claims.

### 1. Negligent Prosecution

While the Prosecutor owes a duty to a defendant not to intentionally violate that individual's constitutional rights in the prosecution of a case, it is noted above that there is no such claim presently available to Plaintiff and that immunity protects prosecutors from most damages suits for unconstitutional actions. The heading of Plaintiff's complaint indicates that it is grounded in malpractice. The argument section sounds in tort and indicates that Plaintiff is alleging that the Prosecutor's Office negligently prosecuted his criminal cases. Even if the Prosecutor were not immune from a damages suit for a state negligence claim,[3] Plaintiff's current state law allegations fail to state a claim upon which relief can be granted for two reasons. First, there is no case law establishing the tort of negligent prosecution in Michigan. Second, the state law duties Plaintiff attributed to the Prosecutor's Office are not owed by a prosecutor to a criminal defendant, but are those duties an attorney owes to his client pursuant to the Michigan Rules of Professional Conduct. *See e.g.* MPRC 1.1.

"The threshold element in a negligence case is that there must exist a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks. *Holloway v. Martin Oil Service, Inc.*, 79 Mich. App. 475 (1977). Unless a defendant owes a duty to the plaintiff, negligence analysis can proceed no further. *Moning v Alfono*, 400 Mich 425 (1977)." *Cook v. Bennett*, 94 Mich. App. 93, 97-98 (1979). Therefore, because Plaintiff has not alleged that any defendant breached a duty under Michigan law

---

[3] *Hayes v. Hall*, 604 F. Supp. 1063 (W.D.Mich. 1985), notes that prosecutors also have immunity from state tort actions. See also *Campbell v. Patterson*, 724 F.2d 41 (6th Cir. 1983).

that is actually owed to him by them, and thus negligence has not been properly pled, all of Plaintiff's state negligence claims against all defendants should be dismissed.[4]

### B. FOIA Claim

Plaintiff has not alleged that he submitted a proper FOIA request for documents to the Defendants and was denied information covered by FOIA. Instead he alleges that a friend's FOIA request was denied.

Michigan's FOIA provides as follows:

> It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process.

M.C.L 15.231.

Even if Plaintiff was not incarcerated, he would not have standing to enforce this FOIA provision on the facts presented. Plaintiff has alleged that it was not he but an "investigative friend" that was aggrieved when her FOIA request was denied. The Michigan FOIA gives "the requesting person" the right to appeal a denial MCL 12.235. Michigan does not provide standing or rights to any "collateral beneficiaries" of a FOIA request. Thus Plaintiff has no standing to bring this FOIA claim and it should be dismissed.

---

[4] To the extent Plaintiff meant to allege malicious prosecution, this claim would also fail on the present pleading. A cause of action for malicious prosecution requires the following elements: (1) a prior proceeding brought by the defendant against the plaintiff that terminated in the plaintiff's favor, (2) lack of probable cause to bring that prior proceeding, (3) malice as a purpose, and (4) special injury. *Friedman v. Dozorc*, 412 Mich. 1, 48; 312 NW2d 585 (1981). Because Plaintiff's conviction on the charges at issue has not been overturned, he has failed to plead the first element of this cause of action.

### C. Failure to Provide Records on Appeal

Plaintiff argues that it was the Prosecutor's Office's duty to provide him with the record of the trial court proceedings for his appeal. Yet, the Michigan Rules of Court provide that the (a.) record on appeal shall be obtained by the appellate court from the trial court and (b.) that the transcript of the proceedings below shall be obtained by the appellant from the court reporter/recorder. M.C.R. 7.210. Further, Plaintiff has not alleged that he has filed a timely notice of appeal of his convictions, or that he ever sent a request to the Prosecutor's Office requesting the documents in question. Therefore, Plaintiff's claims with regard to the Prosecutor's Office's failure to provide him documents fails to state a viable claim.

### IV. RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Defendant Wayne County Prosecutor's Office's motion be GRANTED and Plaintiff's state and federal claims against all defendants be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5]

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. §636(b)(1); E.D. Mich. LR 72.1(d). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

---

[5] While the Wayne County Corporation Counsel is representing the individual defendants in their official capacity, and the dismissal technically only covers the official capacity claims, Plaintiff has not established jurisdiction over these persons in their individual capacity because they have not been served. Thus, the dismissal that is recommended will dispose of all claims presently before this Court.

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

| | |
|---|---|
| Dated: January 31, 2007 | S<span>TEVEN</span> D. P<span>EPE</span> |
| Ann Arbor, Michigan | U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span> |

Certificate of Service

I hereby certify that on February 5, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Aaron C. Thomas, Esq., and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: Jerome Martin #190335, Marquette Branch Prison, 1960 U.S. Hwy 41, Marquette, MI 49885, Edwaard M. Thomas, Esq., Wayne County Circuit Court, Two Woodward Ave., Detroit, MI 48226

                                                                                                s/ James P. Peltier
                                                                                                 James P. Peltier
                                                                                                 Courtroom Deputy Clerk
                                                                                                 U.S. District Court
                                                                                                 600 Church St.
                                                                                                 Flint, MI 48502